UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANGEL SALCIDA, CDCR #F04429,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JONATHAN P. COTA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:25-cv-3779-CAB-BJW<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS** [Doc No. 2] |

　　John Angel Salcida ("Plaintiff"), a state inmate proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1 ("Complaint").] Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] As discussed below, the Court **DENIES** the IFP Motion.

### I.　　MOTION TO PROCEED IN FORMA PAUPERIS

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

§ 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84–85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatorre*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1)(A)–(B); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by a prison accounting official and a copy of his Inmate Statement Report. *See* Doc. No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that for the six months immediately preceding filing of the Complaint, Plaintiff carried an average monthly balance of $3,646.65 and average monthly deposits of $2,224.76. [*See* Doc. No. 3 at 4.] The balance in Plaintiff's trust account as of December 29, 2025 was $741.29. [*Id*. at 2, 4.]

In this matter, Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

## II.    CONCLUSION

The Court **DENIES** Plaintiff's Motion to Proceed IFP. [Doc. No. 2]. Because Plaintiff has not qualified to proceed IFP, he must pay the $405 civil filing fee within **forty-five (45) days** of the date of this Order or the case will be dismissed without prejudice.

It is **SO ORDERED.**

Dated: January 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge