UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN ANGEL SALCIDA,
CDCR #F-04429,

Plaintiff,

vs.

J. LEWIS, WONG, AMAYA, COTA, GARCIA AND GOMEZ,

Defendants.

Case No. 3:25-cv-3779-CAB-BJW

**ORDER:**

**(1) DISMISSING ALL CLAIMS AGAINST ALL DEFENDANTS WITH THE EXCEPTION OF RETALIATION CLAIM AGAINST J. LEWIS, WONG, AMAYA, COTA, GARCIA AND GOMEZ;**

**(2) GRANTING SECOND MOTION TO PROCEED IN FORMA PAUPERIS FOR LIMITED PURPOSE OF SERVICE, [Doc. No. 9]; and**

**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)**

On December 22, 2025, Plaintiff John Angel Salcida, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion

to proceed in forma pauperis ("IFP"). [Doc. Nos. 1–2.] Plaintiff's IFP motion was denied because there were sufficient funds in her prison trust account to pre-pay the entire civil filing fee, and she thereafter paid the fee. [Doc. Nos. 4–5.] The Court screened the complaint pursuant to 28 U.S.C. § 1915A, determined that the First Amendment retaliation claim against Defendants J. Lewis, Wong and Amaya survived the screening process but the remaining claims against the remaining Defendants did not, and provided Plaintiff with the opportunity to proceed with the claims that survived screening or amend the complaint. [Doc. No. 7.] Plaintiff has now a First Amended Complaint ("FAC"). [Doc. No. 8.] Plaintiff has also filed a second motion to proceed IFP for the purpose of obtaining service of the summons and FAC by the United States Marshal. [Doc. No. 9.]

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A. Standard of Review

The Court must conduct an initial review of the FAC under 28 U.S.C. § 1915A, which "mandates early review before docketing or as soon as practicable after docketing for all complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (cleaned up) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if it (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (cleaned up) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. Discussion

Plaintiff describes herself as a transgender inmate in the enhanced outpatient mental

health treatment program ("EOP") with "mental health issues and impairments [which] qualifies her [as disabled] within the meaning of" the Americans with Disabilities Act ("ADA"), including gender dysphoria, vision impairments, and hand and arm mobility impairments. [Doc. No. 8 at 2–3.] The FAC alleges retaliation, discrimination, cruel and unusual punishment, and due process violations by Defendants J. Lewis, Wong, Amaya, Garcia, Cota, Gomez, Sanchez, Velasco, Tito and M. Lewis. [*Id.* at 2–16.] Plaintiff abandons the claims from the original complaint against Defendants California Department of Corrections and Rehabilitation, Asfar, Mansfield, Morphin, Flores, Hernandez, Acevedo, Mercado and Bracamonte. [*Id.* at 16.]

**1. First Amendment Retaliation Claims**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005). Plaintiff must allege a causal connection between the adverse action and the protected conduct, *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012), and conclusory allegations of retaliatory intent are insufficient to state a claim. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that, in the absence of factual allegations to the contrary, it would be "sheer speculation" to assume that prison officials retaliated on the basis of an inmate's First Amendment activity).

*Defendants J. Lewis, Amaya and Wong.*

The FAC repeats allegations which the Court previously found survived screening. [*See* Doc. No. 8 at 2–4, 14–15.] For the reasons set forth in the Court's prior screening order, [*see* Doc. No. 7 at 8–9], the allegations in the FAC against J. Lewis, Wong and Amaya are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b) with respect to a First Amendment retaliation claim.

///

*Defendants Cota, Garcia and Gomez*.

Plaintiff alleges that RJD Correctional Counselors Cota and Garcia, along with RJD Housing Unit Counselor Gomez, assisted J. Lewis in attempting a retaliatory transfer by fabricating her classification scores and disciplinary history. [Doc. No. 8 at 4–5.] The FAC includes more detail than the original complaint, [*see* Doc. No. 8 at 5–8], such that Defendants Cota, Garcia and Gomez falsified records regarding Plaintiff's classification score and disciplinary history for the purpose of transferring her to a higher-custody level prison in retaliation for filing of grievances and staff complaints—which caused her to stop filing grievances. These allegations are sufficient to survive the "low threshold" of the screening required by 28 U.S.C. § 1915A(b) with respect to a First Amendment retaliation claim.

*Defendants Sanchez, Tito, and De Velasco*.

Plaintiff alleges that Defendant De Velasco was the supervisor responsible for calling inmates to work. [Doc. No. 8 at 10.] Plaintiff was informed in the prior screening order, that unlike her allegations of retaliatory statements and actions by the other Defendants, the allegations against Sanchez, Tito, and De Velasco are vague and conclusory as to the source of Plaintiff's knowledge of their retaliatory actions and motives, the effects if any on Plaintiff's ability to work or receive pay as a result of retaliatory actions allegedly taken based on her protected activities, and whether or what effect they had on the transfer threats. [*See* Doc. No. 7 at 10–11.] Plaintiff has not cured those pleading defects in the FAC. Plaintiff's retaliation claims against Sanchez, Tito, and De Velasco are once again dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. Because the Court previously gave Plaintiff leave to amend the retaliation claim against Sanchez, Tito and De Velasco, the dismissal as to those Defendants is without further leave to amend. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.")

///

**2. Eighth Amendment Claim**

Plaintiff claims an Eighth Amendment cruel and unusual punishment violation based on allegations that Cota threatened to "tell housing officers that Plaintiff was a 'snitch and a rat' so other inmates could hear, hoping to get Plaintiff assaulted." [Doc. No. 8 at 6.] She claims the transfer attempts exposed her to the possibility of being transferred to a dangerous, higher-level prison, and that she was almost assaulted twice by other inmate workers who told her that Tito, Sanchez and De Velasco told them: "Plaintiff's 602 snitching-ratting was the reason they couldn't work or get paid." [*Id*. at 7, 11.] She alleges that: "Defendants after learning they were being investigated for falsification of time cards and state records due to Plaintiff 602," told inmate workers that "if the problem (meaning Plaintiff) would be dealt with, they could resume paying." [*Id*.] She alleges Defendants Wong and RJD Psy-Clinician M. Lewis either removed her or threatened to remove her from the EOP in deliberate indifference to her mental health. [*Id*. at 14–15.]

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297, 302–03). The official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff was informed in the Court's prior screening order that she has not plausibly alleged an Eighth Amendment claim based on the threats used by the Defendants because the mere making of threats or harassing comments does not give rise to a civil rights claim under § 1983. [*See* Doc. No. 7 at 12 (citing *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as

a constitutional deprivation under § 1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or abuse is not a constitutional deprivation under § 1983).]

Plaintiff was also previously informed that her allegations regarding being denied EOP level of care are vague regarding the nature of the medical care she required or was refused, how long it was withheld, the seriousness of her medical need, and whether any Defendant knew of and deliberately disregarded a serious need for medical attention. [*See* Doc. No. 7 at 13 (citing *Wilhelm*, 680 F.3d at 1122 (an Eighth Amendment violation can be shown where a failure to treat a serious medical need "could result in further significant injury or the unnecessary and wanton infliction of pain" and "the defendant's response to the need was deliberately indifferent") and *Estelle*, 429 U.S. at 106 (an inadvertent failure to provide medical care, negligence or malpractice and differences of opinion over what medical treatment is proper, do not state an Eighth Amendment claim)).]

The FAC does not cure any of the pleading defects of an Eighth Amendment claim noted in the Court's prior screening order. Accordingly, Plaintiff's Eighth Amendment cruel and unusual punishment claim is once again dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. Because the Court previously gave Plaintiff leave to amend, the Court finds dismissal without leave to amend is now appropriate. *Ascon Props.*, 866 F.2d at 1160.

**3. Due Process Claim**

Plaintiff once again vaguely alleges her right to due process was violated by Garcia, Cota and Gomez, apparently arising from the withholding of a document she later received in time for a hearing, in the creation of documents containing false information regarding her custody points and disciplinary history, or with respect to interference with her work or pay. [Doc. No. 8 at 5–8.] The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a procedural due process claim, a plaintiff must allege (1) a liberty or property interest protected by the Constitution;

(2) a deprivation of the interest by the government; and (3) lack of process. *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (cleaned up).

Plaintiff was instructed in the Court's prior screening order that her conclusory allegations are insufficient to satisfy any of those pleading requirements. [*See* Doc. No. 7 at 13 (citing *Wright*, 219 F.3d at 913 and *Iqbal*, 556 U.S. at 678).] She was also instructed that there is no constitutionally guaranteed right to be free of falsified grievance documents and that federal due process does not create a protected interest in prison employment. [*See Id*. at 13–14 (citing *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004)).] Finally, she was instructed that withholding of her pay does not state a due process claim because the deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable post-deprivation remedy," which California does. [*Id*. at 14 (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)).] The FAC does not cure any of these pleading defects.

The due process claim in the FAC is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Because the Court previously gave Plaintiff leave to amend, the Court finds dismissal without leave to amend is now appropriate. *Ascon Props.*, 866 F.2d at 1160.

**4. Equal Protection Claim**

Plaintiff alleges in a vague and conclusory manner that Defendants De Velasco, Tito and Sanchez discriminated against her "due to Plaintiff Gender Dysphoria and Mental Health Disability." [Doc. No. 8 at 9.] She alleges that: "When Defendants learn[ed] that Plaintiff was EOP and transgender, they stop[ped] calling her to report to work, but officer in unit 15 would let her report anyways." [*Id*.]

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Hartmann v. California Dep't of Corr. & Rehab*., 707 F.3d 1114, 1123 (9th Cir. 2013). To state an equal protection claim, a member of a protected class must demonstrate that (1) she is a member of a protected class and (2) that a defendant acted with an intent

or purpose to discriminate against her based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998). The Court instructed Plaintiff in the prior screening order that her allegations were vague and unclear as to her work and pay status, in particular when she was denied work or pay, and that she "lump(s) together . . . multiple defendants in one broad allegation [and therefore] fails to satisfy (the) notice requirement of Rule 8(a)(2)." [Doc. No. 7 at 15 (quoting *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)).] Plaintiff has not cured those pleading defects in the FAC with respect to an equal protection claim.

Plaintiff's equal protection claim is therefore dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Because the Court previously gave Plaintiff leave to amend, the Court finds dismissal without leave to amend is now appropriate. *Ascon Props.*, 866 F.2d at 1160.

**5. ADA and RA Claims**

Plaintiff also repeats her vague and conclusory allegation that Defendants De Velasco, Tito and Sanchez committed an "ADA/RA violation" for the same reasons they allegedly violated her equal protection rights by interfering with her work. [Doc. No. 8 at 9–12.] Plaintiff was instructed in the Court's prior screening order that she is not able to bring an ADA or RA claim against the individual Defendants, who are the only Defendants named in the FAC, because the ADA applies only to public entities, and that it does not apply to prison employment. [Doc. No. 7 at 16.] Because it is clear Plaintiff cannot cure the pleading defects of the ADA and RA claims, they are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) without leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## II. Motion to Proceed IFP

Plaintiff's initial motion to proceed IFP in this action was denied because she had sufficient funds in her inmate trust account to pay the filing fee. [*See* Doc. No. 4 at 2.] She now indicates that her financial situation has changed and she currently has $108.37 in her

inmate trust account which she needs for day-to-day living expenses for items not provided by the prison. [Doc. No. 9 at 1.] She seeks IFP status to allow for service of the summons and FAC by the United States Marshal. [*Id.*]

A request to proceed IFP may be initiated at any stage of a proceeding, since a person who is not indigent when they first file a suit may become so during its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation[.]"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). The Court **GRANTS** Petitioner's IFP for the limited purpose of service of the summons and FAC by the United States Marshal on the remaining Defendants and claims.

///

///

///

## III. CONCLUSION

Based on the foregoing, the Court:

1) **DISMISSES** all claims against all Defendants in the FAC for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of the First Amendment retaliation claims against Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez.

2) **GRANTS** Plaintiff's second motion to proceed IFP for the limited purpose of service of the summons and FAC by the United States Marshal upon Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez.

3) **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC for Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez and forward it to Plaintiff along with a blank U.S. Marshal Form 285. The Clerk will provide Plaintiff with certified copies of the FAC and summons for use in serving Defendants. Upon receipt of this "In Forma Pauperis Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, include an address where Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the In Forma Pauperis Package.

4) **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez as directed by Plaintiff on the USM Form 285. Costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5) **ORDERS** Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez, once served, to reply to the FAC's First Amendment retaliation claims against them and any subsequent pleading Plaintiff files in this matter in which the Defendant is named as a party within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42

U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening Defendants are required to respond).

6) **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document sought to be filed with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on Defendant or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon a Defendant, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated: September 3, 2026

Hon. Cathy Ann Bencivengo
United States District Judge