UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOHN ANGEL SALCIDA,
CDCR #F-04429,
Plaintiff,

vs.

J. LEWIS, WONG, AMAYA, COTA, GARCIA AND GOMEZ,
Defendants.

Case No. 3:25-cv-3779-CAB-BJW

**ORDER DENYING MOTION FOR RECONSIDERATION OF SCREENING ORDER**

[Doc. No. 12]

On September 3, 2026, the Court screened Plaintiff John Angel Salcida's First Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915A and determined that claims against Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez survived the screening process but the remaining claims against the remaining Defendants did not. [Doc. No. 10.] Having already instructed Plaintiff of the pleading deficiencies of the dismissed claims, the Court dismissed them without further leave to amend and ordered service of the summons and FAC by the United States Marshal as to Defendants J. Lewis, Wong, Amaya, Cota, Garcia and Gomez. [*Id.*] On September 8, 2026, Plaintiff constructively filed a "Motion for Reconsideration of Screening Order under Rule 60 and Issues Preserved for Appeal Purposes." [Doc. No. 12.]

S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Plaintiff has made no such showing, but merely repeats allegations previously found to be insufficient to state a claim, argues that the Court was incorrect in failing to provide another opportunity to amend to attempt to state a claim against Defendants Sanchez, Tito, Velasco and M. Lewis, and states that the arguments are made for the purpose of preserving the issue for appeal. [Doc. No. 12 at 1–10.]

A motion for reconsideration may also be treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of the order challenged, as here; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). A court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). For the reasons set forth above, Plaintiff has not made a showing sufficient to satisfy Rule 59(e).

Plaintiff's Motion for Reconsideration is **DENIED**.

It is **SO ORDERED**.

Dated: October 27, 2026

Hon. Cathy Ann Bencivengo
United States District Judge